UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN RABIN, individually and on Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>   v.<br><br>ROBERT A. MALONE, RICHARD WOOLLAM, STEVE MARSHALL, and MAUREEN L. JOHNSON,<br><br>        Defendants. | No. C06-1505 MJP<br><br>ORDER CONSOLIDATING ACTIONS AND APPOINTING LEAD PLAINTIFF AND LEAD COUNSEL |
| EVERETT STEVENS, individually and on Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>   v.<br><br>ROBERT A. MALONE, RICHARD WOOLLAM, STEVE MARSHALL, and MAUREEN L. JOHNSON,<br><br>       Defendants. | No. C06-1633 MJP |

ORDER - 1

1  This matter comes before the Court on cross-motions by Plaintiff I. Stephen Rabin and Plaintiff
2  Teramura Family Trust Group[1] ("Teramura") to consolidate the two above captioned matters pursuant
3  to Fed. R. Civ. P. 42(a). In addition, Plaintiffs each seek appointment as lead plaintiff in the
4  consolidated action and Court approval of their selected lead counsel. Having considered the materials
5  submitted by the parties, the Court finds and ORDERS as follows:

6  1.  Motion to Consolidate

7  Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the parties' motions are
8  GRANTED, and the above-captioned actions (C06-1505 and C06-1633) are consolidated for all
9  purposes. The caption of these consolidated actions shall be "In re BP Prudhoe Bay Royalty Trust
10 Securities Litigation," and the files of these consolidated actions shall be maintained in one file under
11 C06-1505. Every pleading filed in the consolidated action shall bear the following caption:

| IN RE BP PRUDHOE BAY ROYALTY TRUST SECURITIES LITIGATION | No. C06-1505 MJP |
|---|---|

16  2.  Motion to Appoint Lead Plaintiff

17  The Private Securities Litigation Reform Act ("PLSRA") provides that the Court "shall
18  appoint as lead plaintiff the member or members of the purported plaintiff class that the court
19  determines to be the most capable of adequately representing the interests of class members." 15
20  U.S.C. § 78u-4(a)(3)(B)(I) (2000). The PSLRA establishes a rebuttable presumption that the most
21  adequate plaintiff is the person or group of persons that: (a) has either filed the complaint or made a
22  motion for appointment of lead plaintiff in response to the notice required by the PSLRA; (b) in the

---

[1] The movants describe the Teramura Family Trust Group as the Yoko Teramura Family Insurance Trust, the Mami Teramura Family Trust and the Diana Allen Life Insurance Trust.

ORDER - 2

1  determination of the court, has the largest financial interest in the relief sought by the class; and (c)

2  otherwise satisfies the requirements of Fed. R. Civ. P. 23.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

3        Both parties have submitted sufficient evidence under the standards of the PSLRA to

4  satisfy the Court that they are capable of representing the class as lead plaintiffs.  Accordingly, the

5  Court must appoint the plaintiff with the largest financial interest in the litigation as lead plaintiff.  <u>In re</u>

6  <u>Cavanaugh</u>, 306 F.3d 726, 732 (9th Cir. 2002).  Teramura has the largest financial stake in the

7  litigation, with combined losses of $8,749.80.  Although Plaintiff Rabin argues that the Teramura

8  trusts may not aggregate their losses, the Court is satisfied that Teramura will adequately represent the

9  class.  The Teramura trusts are all managed by the same trustee, George Allen, eliminating any

10  ineffective case management by multiple lead Plaintiffs.  Furthermore, the trust instruments grant Allen

11  the authority to file suit on behalf of the trusts, and Allen is bound by his fiduciary duties to act in the

12  best interests of the trust beneficiaries.  Accordingly, the Court GRANTS Teramura's motion and

13  appoints the Teramura Family Trust Group lead Plaintiff.

14  3.  <u>Motion to Appoint Lead Counsel</u>

15        The PSLRA provides that the lead plaintiffs shall, subject to Court approval, select counsel to

16  represent the putative class.  15 U.S.C. § 78u-4(a)(3)(B)(v).  Teramura has selected the firm of

17  Zwerling, Schachter & Zwerling, LLP, to serve as lead counsel.  Teramura has offered sufficient

18  materials to satisfy the Court that their selection of lead counsel should be approved, and the Court

19  GRANTS Teramura's motion.  However, any attorneys from the firm who are not members of the bar

20  of this Court must submit proper pro hac vice applications and fees in order to appear in this matter.

21        The Clerk is directed to send copies of this order to all counsel of record.

22        Dated:  ___March 2_____, 2007.

23

24                          Marsha J. Pechman
                        U.S. District Judge

25

ORDER - 3