The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE BP PRUDHOE BAY ROYALTY TRUST SECURITIES LITIGATION | ) No. C06-1505 MJP<br>)<br>) **PROTECTIVE ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

The parties to the Action, having determined that certain documents and information produced or to be produced during discovery in this litigation should be kept confidential in order to protect the legitimate business and privacy interests of the parties and other persons, including non-parties to the Action, and based upon the stipulation of the parties and good cause for entering this Order having been shown:

It is hereby stipulated and agreed by the parties and ordered by the Court that the following procedures shall govern the Action, including the production and use of all Discovery Material.

PROTECTIVE ORDER – 1

No. C06-1505 MJP

GRAHAM & DUNN PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

In crafting those portions of this Order that affect filing under seal or use of Confidential Information in open court, in particular Paragraphs 16 and 17 below, the parties have taken into account Local Rule CR 5 and believe that those paragraphs are consistent with the letter and spirit of the local rules.

**Definitions**

1. For purposes of this Order, the following capitalized terms have the following meanings:

   a. "Action" means the lawsuit captioned *In Re BP Prudhoe Bay Royalty Trust Securities Litigation*, Case No. C06-1505 MJP (W.D. Wash.).

   b. "Confidential Information" means all non-public materials that contain trade secret or other confidential research, development or commercial information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

   c. "Discovery Material" means documents, testimony, interrogatory answers and other information produced, given or exchanged in connection with discovery in the Action.

   d. "Order" means this Protective Order.

   e. "Privileged Material" means Discovery Material that the Producing Party believes constitutes, contains or reflects information protected by any applicable privilege or immunity from discovery, such as the attorney-client privilege, the attorney work product doctrine or any other recognized privilege or immunity.

   f. "Producing Party" means any party or non-party to the Action that produces Discovery Material.

   g. "Receiving Party" means the party to the Action that receives Discovery Material.

PROTECTIVE ORDER – 2

No. C06-1505 MJP

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

**Permissible Use of Confidential Information Material**

2. Discovery material designated as Confidential Information or information derived therefrom may be used by the Receiving Party solely for purposes of the Action and the related lawsuit captioned *Diana Allen Life Insurance Trust v. BP p.l.c.*, 06 CV 14209 (PAC) (KNF) (S.D.N.Y.). Such material or information derived therefrom may not be used for any other purpose.

**Unauthorized Disclosure Prohibited**

3. All persons who receive Confidential Information must safeguard such information so as to avoid its disclosure to persons who are not eligible to receive it.

**Designation of Confidential Information**

4. The Producing Party may designate information or documents that are produced or exchanged in the course of discovery as Confidential Information by stamping each page containing Confidential Information (or the entire document) with the legend "CONFIDENTIAL" before that page is produced or exchanged. The parties will have sixty (60) days from the date of this Order to designate Discovery Material produced before the date of this Order as Confidential Information. The parties will confer in good faith in an effort to agree upon the method by which the Producing Party will designate Discovery Material produced before the date of this Order as Confidential Information.

5. Confidential Information may not be copied or reproduced for use in the Action except to the extent such copying or reproduction is reasonably necessary to the conduct of the Action, and all such copies or reproductions are subject to the terms of this Order. Any copy or

PROTECTIVE ORDER – 3

No. C06-1505 MJP

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

reproduction of Confidential Information must preserve the confidentiality designation that appears on the produced documents.

6. All documents made available for inspection by the Receiving Party will be treated as if designated as Confidential Information until such time as the Receiving Party specifies which of those documents it wants copied and produced. At the time of production, the Producing Party must designate the documents as Confidential Information as provided in Paragraph 4 above. Documents not so designated at the time of production will no longer be deemed Confidential Information.

7. Transcripts of depositions will be given the protections afforded Confidential Information under this Order for a period of thirty (30) days after a complete copy of the transcript has been provided to the deponent or his or her counsel to give the parties an opportunity to designate information contained in that transcript as Confidential Information. Within such thirty (30) day period, a deponent or counsel for the deponent must designate in writing the portions of the deponent's deposition transcript that contain Confidential Information by page and line number, and must communicate such designations in writing to the parties. Those portions of the transcript not so designated within thirty (30) days will not be considered thereafter as Confidential Information under the provisions of this Order. Any party, non-party or deponent may also designate specific testimony or transcript pages as Confidential Information by notice on the record at the deposition.

8. Responses to document requests, interrogatories and requests for admission may be designated Confidential Information by so indicating in the response.

PROTECTIVE ORDER – 4

No. C06-1505 MJP

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

**Permissible Disclosure of Confidential Information**

9. Confidential Information may be disclosed by the Receiving Party only to those persons identified in Paragraph 11 below. All persons receiving Confidential Information are bound by the terms of this Order. If any person violates or threatens to violate any of the terms hereof, the Producing Party may seek any appropriate relief in this Court.

10. If Confidential Information is disclosed by the Receiving Party to any person other than one entitled to disclosure in Paragraph 11 below, the Receiving Party responsible for the unauthorized disclosure, immediately upon learning of such disclosure, must inform the Producing Party in writing. Such notice must include all pertinent facts relating to such disclosure. The Receiving Party must take reasonable steps (1) to prevent further unauthorized disclosure of the Confidential Information and (2) to arrange for the return of all Confidential Information disclosed to the unauthorized person.

11. Any party receiving Confidential Information may disclose or make available such information only to the following persons:

   a. This Court and any appellate court, including court personnel, during any proceedings in open court related to the Action, subject to Paragraphs 16, 17 and 18 below;

   b. Counsel to the parties to the Action (including in-house counsel) and legal assistants, secretaries or staff working with or for such counsel in connection with the Action to the extent necessary to render professional services in the Action;

   c. Court reporters in their capacity as such;

   d. Outside service vendors, such as copy, translation, coding and scanning services, as necessary for them to perform such services for the Receiving Party in the Action;

PROTECTIVE ORDER – 5

No. C06-1505 MJP

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

e. Any person identified as an author of the document or any person to whom a copy of such document was sent before its production in the Action;

f. Any other person expected to be a deponent or fact witness in the Action who a party believes, in good faith, needs to see the information for purposes of his or her testimony in the Action, subject to the procedure described in Paragraph 13 below.

g. Outside experts, technical advisors or consultants retained by counsel to any party to the Action, subject to the procedure described in Paragraph 13 below;

h. Any mediator or arbitrator engaged by the parties to the Action for the purpose of resolving all or any part of the Action; and

i. A party to the Action.

12. Persons not authorized to receive Confidential Information pursuant to Paragraph 11 above will be excluded at the request of the Producing Party from attending any portion of a deposition while such information is disclosed.

**Confidentiality Undertaking**

13. Before a party discloses Confidential Information pursuant to Paragraphs 11(f) or 11(g) above, counsel for the party disclosing such information must (i) deliver a copy of this Order to the individual to whom disclosure is to be made; and (ii) have the individual sign a certification in the form of Exhibit A hereto whereby the individual agrees to be bound by the terms of the Order. Alternatively, obtaining an agreement from a deponent, on the record, that he or she has reviewed the Order and agrees to be bound by its terms shall be sufficient to satisfy the terms of this paragraph. A Producing Party's former officers, directors, trustees, agents, partners, representatives and employees, called as deponents, may not unreasonably withhold signature or

PROTECTIVE ORDER – 6

No. C06-1505 MJP

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

agreement to the terms of the certification. The requirements set forth in this paragraph will not apply to a Producing Party's current officers, directors, trustees, agents, partners, representatives and employees that are shown its Confidential Information.

14. Notwithstanding the provisions of Paragraph 11 above, a person or party is free to disclose its own Confidential Information without restriction. Moreover, nothing prevents disclosure beyond the terms of this Order if the Producing Party or its counsel expressly consents to such disclosure, either in writing or on the record of any proceeding in the Action. Such consent must be given if it is shown that disclosure of Confidential Information to persons other than those listed in Paragraph 11 is reasonably necessary to the prosecution or defense of the claims or counterclaims in the Action. If the parties cannot agree on whether such disclosure is reasonably necessary, the Court may resolve the matter.

**Challenges to Designations of Confidentiality**

15. Any Receiving Party in the Action may object at any time during the pendency of the Action to the designation of Discovery Material as Confidential Information. The objection must be made in writing to counsel for the Producing Party. Counsel must confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement, the objecting party may move the Court for an order compelling redesignation of the material in question. The Producing Party bears the burden of proof concerning confidentiality. Such motions shall be briefed pursuant to Local Rule CR 7(d)(3) or, if the parties agree, Local Rule CR 37(a)(2)(B). All materials whose designation is contested in this manner will continue to be treated as Confidential Information as designated by the Producing Party, unless and until the parties agree or the Court rules to the contrary.

PROTECTIVE ORDER – 7

No. C06-1505 MJP

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

**Filing Under Seal**

16. The parties acknowledge Local Rule CR 5(g)(1), which provides, "There is a strong presumption of public access to the court's files and records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from the public view," and Local Rule CR 5(g)(2), which requires an order of the Court for the sealing of particular documents. To address these concerns and provide a practical solution to the situation in which a party other than the Producing Party seeks to file Confidential Information, the parties stipulate to and submit the procedure provided in Paragraph 17 below.

17. In the event that any Confidential Information or document designated as such is included with any pleading, motion, deposition transcript or other paper filed with the Clerk of this Court, the filing party must submit that information or document provisionally under seal as provided by Local Rule CR 5(g)(3). The Producing Party may, within seven (7) judicial days, submit a motion or stipulation to the Court for an order permitting the Confidential Information to be filed under seal in accordance with Local Rule CR 5(g)(2).

**Admissibility of Confidential Information**

18. The disclosure of Confidential Information at any pretrial hearing or at trial will be addressed and agreed upon by the parties before such hearing or trial commences. If the parties are unable to reach an agreement as to the appropriate use of such Confidential Information at the pretrial hearing or trial, the Producing Party may seek protection from the Court.

19. Nothing in this Order operates as an admission by any party that any particular Discovery Material is or is not admissible in evidence at a hearing or the trial of the Action.

PROTECTIVE ORDER – 8

No. C06-1505 MJP

**Production of Confidential Information in Response to
Compulsory Process**

20. Nothing in this Order prevents any Receiving Party from producing such Confidential Information in response to a lawful subpoena or other compulsory process, *provided, however*, that the Receiving Party must, as soon as reasonably practical and in any event before producing any Confidential Information, give notice thereof to the Producing Party by facsimile. Such notification must, at a minimum, identify the Confidential Information sought and include a copy of the subpoena or other compulsory process so as to afford the Producing Party a reasonable opportunity to seek a protective order and, if possible, a stay of the time for response to the subpoena or other compulsory process. The Receiving Party may not thereafter produce such Confidential Information except under a court order requiring compliance with the subpoena or other compulsory process. Nothing in this Order requires the Receiving Party or anyone else covered by this Order to challenge any order requiring production of Confidential Information, subject herself, himself or itself to any penalties for noncompliance with any such order, or to seek any relief from this Court.**]**

21. If Confidential Information is produced pursuant to subpoena or other compulsory process, it must continue to be treated as Confidential Information by all persons subject to this Order unless and until the Court otherwise directs.

**Reservation of Rights**

22. Entering into this Order, agreeing to produce or producing Confidential Information or otherwise complying with the terms of this Order will not:

a. Prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery;

PROTECTIVE ORDER – 9

No. C06-1505 MJP

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

b.  Operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information;

c.  Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

d.  Prejudice in any way the rights of a party as to whether any Confidential Information should be subject to the terms of this Order; or

e.  Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly Confidential Information.

23.  Notwithstanding any other provision of this Order, any Producing Party in the Action may seek additional protection for its highly confidential and sensitive commercial information.  In the event that Discovery Material is requested that requires greater protection than is afforded Confidential Information under this Order, the parties will confer in good faith in an effort to agree upon the confidentiality provisions that shall govern use of such Discovery Material in the Action.  In the event the parties cannot reach such an agreement, the Producing Party may file a motion with the Court within ten judicial days from counsels' final meet and confer on the issue to seek additional protection before producing such Discovery Material.

24.  Any party may apply to the Court for an order modifying this Order, and nothing in this Order will be deemed to prevent such application.  This Order also may be modified with the consent of all parties hereto and approval by the Court or by the Court on its own motion, and nothing in this Order will be deemed to prevent such modification.

PROTECTIVE ORDER – 10

No. C06-1505 MJP

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

25.     Any party's inadvertent disclosure of Privileged Material in connection with the Action will not constitute a waiver with respect to such Privileged Material.  In the event of such an inadvertent disclosure of Privileged Material, the Producing Party, within one hundred twenty (120) days of the production of the Privileged Material, but not later than sixty (60) days before the close of discovery, must provide notice to the other parties directing that all copies of such inadvertently disclosed Privileged Material be returned to the Producing Party and barring any other party from using that material, any copies thereof or any information derived therefrom in the Action or otherwise.  The parties receiving any such notice must immediately set aside all copies of the Privileged Material described in such notice and must not use such Privileged Material or any information derived therefrom, *provided, however*, that any party receiving such notice, after setting aside the Privileged Material, may move, on reasonable notice, for an order challenging the designation of such material as Privileged Material and may attach to the motion copies of the material in question to be submitted under seal in accordance with this Order and this Court's local rules.  Nothing in this Order shall prevent a party from arguing that inadvertent disclosure of Privileged Material constitutes a waiver of any purportedly applicable privilege.

**Procedure upon Termination of Litigation**

26.     Within sixty (60) days after judgment, dismissal or other resolution of the Action becomes final and nonappealable, counsel for each Receiving Party must provide the Producing Party with a certificate of compliance stating that the Receiving Party returned to each Producing Party all copies of the Confidential Information produced by the Producing Party or destroyed all Discovery Material containing Confidential Information (including all copies of Discovery Material containing Confidential Information made by the recipient and other persons to whom

PROTECTIVE ORDER – 11

No. C06-1505 MJP

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

the recipient disclosed Confidential Information). Counsel for the parties may, however, retain court papers, depositions, hearing and trial transcripts and attorney work product (including Confidential Information that is referred to or attached to any attorney work product), but any Confidential Information contained in such materials may not be disclosed to any other person, except as provided for in this Order.

### Additional Parties and Non-Parties to The Action

27.  In the event additional parties join or are joined in the Action, they may not have access to Confidential Information until the newly joined party by its counsel has executed and filed with the Court its agreement to be bound fully by this Order.

28.  Non-parties may avail themselves of the protections of this Protective Order and may designate materials that they produce as Confidential Information, upon agreeing to the terms of this Order.

### Duration of Order

29.  This Order is effective immediately and survives the conclusion of the Action.

PROTECTIVE ORDER – 12

No. C06-1505 MJP

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE BP PRUDHOE BAY ROYALTY
TRUST SECURITIES LITIGATION

) No. C06-1505 MJP
)
) **[PROPOSED] PROTECTIVE ORDER**
)

## ACKNOWLEDGEMENT AND CONSENT

I hereby certify that: (i) I have read the Protective Order (the "Order") that the Court has entered in the Action, and I understand its terms; (ii) I understand that discovery material designated as Confidential Information under the Order is being provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the provisions of the Order, including its provisions restricting disclosure of material designated as Confidential Information and limiting the use of such material to the conduct of the Action; and (iv) I hereby submit to the jurisdiction of the United States District Court for the Western District of Washington for purposes of enforcement of the Order.

Dated: _____        Signature: _____

PROTECTIVE ORDER – 13

No. C06-1505 MJP

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

**<u>ORDER</u>**

IT IS SO ORDERED.

DATED: February 25, 2008

                                          /s/ Marsha J. Pechman
                                 THE HONORABLE MARSHA J. PECHMAN
                                 UNITED STATES DISTRICT JUDGE

PROTECTIVE ORDER – 14

No. C06-1505 MJP

**GRAHAM & DUNN** PC
Pier 70, 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599