THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE BP PRUDHOE BAY ROYALTY TRUST SECURITIES LITIGATION | Case No. C06-1505 MJP<br><br>ORDER PRELIMINARILY APPROVING SETTLEMENT, APPROVING NOTICE, AND SCHEDULING SETTLEMENT HEARING |

WHEREAS, following arm's-length negotiations, on March 13, 2009, the Settling Parties[1] executed the Stipulation, the terms of which will fully settle all of the Released Claims;

WHEREAS, Lead Plaintiff has moved for entry of this Order and Defendants support such motion (the "Preliminary Approval Motion");

---

[1] For purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation of Settlement executed on March 13, 2009, and the terms used herein shall have the same meaning.

ORDER PRELIMINARILY - 1 -
APPROVING SETTLEMENT,
APPROVING NOTICE, AND SCHEDULING
SETTLEMENT HEARING

No. C06-1505 MJP

WHEREAS, before executing the Stipulation, Lead Counsel conducted extensive discovery relevant to the claims made in this Litigation; and

WHEREAS, upon reviewing the Stipulation and the Preliminary Approval Motion, and the matter having come before the Court for entry of the Preliminary Order;

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. **Preliminary Approval** – The Court finds and concludes that the Settlement is within the range of reasonableness warranting preliminary approval of the Settlement and the entry of this Preliminary Order.

2. **Class Findings** – For purposes of the Settlement (and only for such purposes, and without an adjudication of the merits), the Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met in that:

    a. The Class Members are so numerous that joinder of all Class Members would be impracticable;

    b. Lead Plaintiff has alleged one or more questions of fact and law common to the Class, including whether Defendants violated federal securities laws by making materially false and misleading statements regarding the maintenance of the oil transit lines at Prudhoe Bay, causing the price of Trust Units to become artificially inflated;

    c. Based on Lead Plaintiff's allegations that Defendants engaged in uniform misconduct affecting Class Members, Lead Plaintiff's claims are typical of

the claims of the Class because the interests of Lead Plaintiff and the nature of its alleged claims are consistent with those of Class Members;

    d.    Lead Plaintiff and Lead Counsel will fairly and adequately protect the interests of the Class, because: (i) there appear to be no conflicts between or among Lead Plaintiff and other Class Members; (ii) Lead Plaintiff has been and appears to be capable of continuing to be an active participant in both the vigorous prosecution and the settlement of this Litigation, and in representing the interests of the Class; and (iii) Lead Plaintiff and Class Members are represented by qualified, capable counsel who are experienced in preparing and prosecuting complex class actions, including class actions based upon violations of the federal securities laws; and

    e.    Questions of law and fact common to Class Members predominate over questions affecting only individual Class Members, including whether Defendants omitted material information and issued materially misleading statements to the public in violation of the federal securities laws, causing artificial inflation in the price of Trust Units. In addition, the Trust Units traded on an efficient market, entitling Lead Plaintiff to a presumption of reliance on the integrity of the market for purposes of class certification. The Court also finds that class action resolution in the manner proposed in the Stipulation would be superior to other available methods for a fair and efficient adjudication of the Litigation. In making these preliminary

findings, the Court has considered, among other factors: (i) the interest of Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

3. **Preliminary Class Certification for Settlement Purposes** – Based on the findings set forth in ¶ 2 above, the Court preliminarily certifies the Class for settlement purposes under Fed. R. Civ. P. 23. The Class consists of: all Persons that purchased Trust Units in the open market during the Class Period. Excluded from the Class are Defendants, Trustee The Bank of New York, Trustee the Bank of New York (Delaware), former Trustee Hutchinson, and Persons in which any Defendant or Trustee has a controlling interest or that are a parent or subsidiary of any Defendant or Trustee, and the officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns of any Defendant or Trustee. Persons who timely and validly request exclusion from the Class pursuant to the Preliminary Order also are excluded from the Class.

4. **Issue for Certification** – The issue that will be subject to class-wide treatment is whether the terms of the Settlement are fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e)(1)(C) and governing law construing that Rule. In making that determination, the Court also has considered (and will consider in an order to be issued after the Settlement Hearing) whether proper notice of the Settlement is being given under Fed. R. Civ. P. 23(c)(2)(B) and 23(e)(1)(B)

to potential Class Members so that the terms of the Settlement will be binding if the Court ultimately approves the Settlement.

5. **Findings Regarding the Settlement** – The Court finds that: (a) the Stipulation resulted from arm's-length negotiations and was concluded only after Lead Counsel had conducted discovery; and (b) the Stipulation is sufficiently fair, reasonable and adequate to warrant providing notice of the Litigation and Settlement to Class Members and holding a Settlement Hearing.

6. **Settlement Hearing** – The Court will hold a Settlement Hearing at 4:00 p.m., on June 30, 2009, at the United States Courthouse, 700 Stewart Street, Seattle, Washington, 98101, for the following purposes: (a) to determine whether the Settlement should be finally approved by the Court as fair, reasonable, adequate and in the best interests of the Class; (b) to determine whether the Class should be finally certified for settlement purposes; (c) to determine whether a Judgment should be entered dismissing and releasing the Released Claims with prejudice; (d) to rule upon the Plan of Allocation; (e) to rule upon the Fee and Expense Application; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Settlement Hearing may be adjourned by the Court without notice to the Class other than an announcement of the adjournment at the scheduled time of the Settlement Hearing or at the scheduled time of any adjournment of the Settlement Hearing.

7. **Modifications to the Settlement** – The Court may consider modifications to the Settlement (with the consent of the Settling Parties) and the Plan of Allocation (with the consent of Lead Plaintiff) without further notice to the Class.

8. **Claims Administrator** – The Court hereby appoints A.B. Data, Ltd. as the Claims Administrator for the Settlement, to assist the Settling Parties in, among other things: (a) mailing or arranging for the mailing of the Notice; (b) arranging for publication of the Summary Notice; (c) posting the Notice, Summary Notice and Claim Form on the Administrator's website; (d) providing Proofs of Claim to potential Class Members; (e) answering written inquiries from potential Class Members and/or forwarding such inquiries to Lead Counsel or its designee(s); (f) receiving and maintaining on behalf of Lead Counsel all Proofs of Claim submitted by Class Members; (g) establishing a call center with a toll-free number and e-mail address to answer inquiries from potential Class Members, including a system for e-mail inquiries and replies; (h) providing additional copies of the Notice, upon request, to potential Class Members; (i) calculating and arranging for allocation of the Net Settlement Fund to Authorized Claimants consistent with the Plan of Allocation; and (j) otherwise assisting Lead Counsel or their designees with administration and implementation of the Stipulation (the "Claims Administration Services"). All reasonable expenses incurred in connection with the Claims Administration Services shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the Court, or otherwise fails to become Final, neither Lead Plaintiff, Lead Counsel, nor the Claims Administrator shall have any obligation to repay any amounts incurred or properly disbursed pursuant to § V.F. of the Stipulation.

9. **Notice to Potential Class Members** – No later than fifteen days from the date of this Order, notice of the Settlement shall be given by Lead Counsel to potential Class Members who can be identified through reasonable effort: (a) by mailing the Notice substantially in the

form attached hereto as Exhibit A-1 and the Proof of Claim in substantially the form attached hereto as Exhibit A-2 by first class postage pre-paid mail, to the names and addresses contained in the BP Prudhoe Bay Royalty Trust transfer records for the Class Period and (b) by publishing the Summary Notice once in the national edition of *Investors' Business Daily*, substantially in the form attached hereto as Exhibit A-3, within fifteen (15) days following the completion of the mailing of the Notice. Brokerage firms and other nominees for beneficial owners of Trust Units who receive the Notice are ordered to promptly forward a copy of the Notice to the beneficial owners (or to promptly forward the names and addresses of the beneficial owners to the Claims Administrator).

10. **Findings as to Notice to Potential Class Members** – The Court finds and concludes that with respect to both the forms and methods of providing notice to potential Class Members as provided in ¶ 9 above, that the notice provided for in this Preliminary Order: (a) is the best notice reasonably practicable under the circumstances; (b) is reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of this Litigation, the claims alleged in the Litigation, the effect of the Stipulation (including the Release), their right to object to the Settlement and their right to exclude themselves from the Class; (c) fully satisfies the requirements of Fed. R. Civ. P. 23, Section 21D(a)(7) of the Securities and Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4(a)(7), the Constitution of the United States, and any other applicable law; and (d) constitutes due and sufficient notice to all Persons entitled to receive notice.

11. **Requests for Exclusion** – Any Person may request exclusion from the Class. Any

ORDER PRELIMINARILY - 7 -
APPROVING SETTLEMENT,
APPROVING NOTICE, AND SCHEDULING
SETTLEMENT HEARING

No. C06-1505 MJP

request for exclusion from the Class must be: (i) in writing; (ii) delivered by hand, overnight delivery service or first class postage pre-paid mail to the Claims Administrator identified in the Notice at the address stated in the Notice; (iii) received no later than June 16, 2009; and (iv) delivered by the Claims Administrator to Lead Counsel no later than June 17, 2009.

12. **Form of Request for Exclusion** – Any request for exclusion from the Class must be signed and must include the following information: (a) the Person's name, address, telephone number and, if applicable, e-mail address; (b) all dates on which the Person requesting exclusion purchased and/or sold Trust Units during the Class Period; and (c) the number of Trust Units purchased and/or sold on each of those dates and the prices of each of those purchases and/or sales.

13. **Effect of Request for Exclusion** – Any Person who requests exclusion from the Class in accordance with the terms stated in this Preliminary Order shall be excluded from the Class and shall not be bound by the terms of the Settlement and the Judgment, but shall have no right to participate in the distribution of the Net Settlement Fund.

14. **Effect of Not Requesting Exclusion** – Any Person who does not request exclusion from the Class in the manner stated in this Order shall be deemed to have waived the right to be excluded from the Class, and shall forever be barred from requesting exclusion from the Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, if the Court approves the Settlement.

15. **Objections** – Any Class Member may object to the Settlement, the Plan of Allocation, the Fee and Expense Application or otherwise request to be heard in person or by

counsel concerning any matter properly before the Court at the Settlement Hearing.

16. **Deadline for Filing Objections** – Any objection to the Settlement, the Plan of Allocation, the Fee and Expense Application or other request to be heard at the Settlement Hearing, including any notice of appearance by counsel for an objecting Class Member, must be filed with the Clerk of the Court and delivered by hand, overnight delivery service or first class postage pre-paid mail to the counsel identified in the Notice no later than June 16, 2009.

17. **Form of Objections** – Any objection to the Settlement, the Plan of Allocation, the Fee and Expense Application or other request to be heard at the Settlement Hearing must be signed and include the following information: (a) the Class Member's name, address, telephone number and, if applicable, e-mail address; (b) all dates on which the Class Member objecting to the Settlement, the Plan of Allocation, the Fee and Expense Application or otherwise requesting to be heard at the Settlement Hearing purchased and/or sold Trust Units during the Class Period; (c) the number of Trust Units purchased and/or sold on each of those dates and the prices of each of those purchases or sales; (d) a detailed statement of the basis for the Class Member's objections to the Settlement, the Plan of Allocation, the Fee and Expense Application, or other request to be heard; and (e) any supporting papers, including all documents and writings that the Class Member wants the Court to consider.

18. **Effect of Filing Objections** – By objecting to the Settlement, the Plan of Allocation, the Fee and Expense Application or otherwise requesting to be heard at the Settlement Hearing, a Class Member shall be deemed to have submitted to the jurisdiction of the Court, including any order the Court issues concerning discovery, with respect to the Class Member's

ORDER PRELIMINARILY - 9 -
APPROVING SETTLEMENT,
APPROVING NOTICE, AND SCHEDULING
SETTLEMENT HEARING

No. C06-1505 MJP

objection or request to be heard and the subject matter of the Settlement. Such jurisdiction shall include, but not be limited to, enforcement of the terms of the Settlement, including, but not limited to, the Release provided for in the Judgment.

19. **Effect of Not Filing an Objection** – Any Class Member who does not object to the Settlement, the Plan of Allocation, the Fee and Expense Application, or otherwise request to be heard at the Settlement Hearing, in the manner required by this Order, shall be deemed to have waived the right to object to the Settlement, the Plan of Allocation or the Fee and Expense Application or otherwise be heard concerning these subjects, and shall forever be barred from objecting to the Settlement, the Plan of Allocation, the Fee and Expense Application, or from otherwise being heard concerning these subjects in this or any other proceeding.

20. **Proof of Claim** – Any Class Member who does not request exclusion from the Class in the manner required by this Order and who wants to share in the Net Settlement Fund must submit a fully completed and signed Proof of Claim, together with the documentation required by the Proof of Claim, to the Claims Administrator, in the manner and at the address stated in the Notice and the Proof of Claim, no later than the date stated in the Notice and the Proof of Claim, unless good cause is shown for an extension of this deadline.

21. **Effect of Submitting a Proof of Claim** – By submitting a Proof of Claim, a Class Member shall be deemed to have submitted to the jurisdiction of the Court, including any order the Court issues concerning discovery, with respect to the Class Member's Proof of Claim and the subject matter of the Settlement. Such jurisdiction shall include, but not be limited to, enforcement of the terms of the Settlement, including, but not limited to, the Release provided for

ORDER PRELIMINARILY - 10 -
APPROVING SETTLEMENT,
APPROVING NOTICE, AND SCHEDULING
SETTLEMENT HEARING

No. C06-1505 MJP

in the Judgment.

22. **Effect of Not Submitting a Proof of Claim** – Any Class Member who does not submit a Proof of Claim in the manner stated in this Order shall be deemed to have waived the right to share in the Net Settlement Fund, and shall forever be barred from sharing in the Net Settlement Fund. Any such Class Member, however, in all other respects, shall be subject to and bound by all terms of the Settlement, including the terms of the Judgment and the Release provided for in the Judgment, unless such Class Member has submitted a request to be excluded from the Class in the manner required by this Order.

23. **Stay of Litigation** – Pending the Settlement Hearing, the Court stays all proceedings in the Litigation, other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.

24. **Temporary Injunction** – All Class Members (and their heirs, executors and administrators, beneficiaries, predecessors, successors, affiliates and assigns), any person or entity claiming by or through a Class Member, and any person or entity representing any or all Class Members, are preliminarily enjoined from filing, commencing, pursuing, intervening in, participating in (as Class Members or otherwise) or receiving any benefits or other relief from any other lawsuit, arbitration or administrative, regulatory or other proceeding against any or all Released Persons or order in any jurisdiction entered against any or all Released Persons, that is based upon, arises out of or relates to any Released Claims, except as to claims asserted in the *Diana Allen* Action and/or the *Reese* Action.

25. **Filing Deadlines** - All initial papers in support of final approval of the Settlement,

ORDER PRELIMINARILY - 11 -
APPROVING SETTLEMENT,
APPROVING NOTICE, AND SCHEDULING
SETTLEMENT HEARING

No. C06-1505 MJP

the Plan of Allocation, and/or any Fee and Expense Application shall be filed and served no later than June 19, 2009. Responses to any objections to the Settlement, Plan of Allocation and/or any Fee and Expense Application shall be filed and served no later than June 26, 2009.

26. **No Admission** – The facts and terms of the Settlement, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense in the Litigation.

27. **The Settlement Fund** – No Person that is not an Authorized Claimant or Lead Counsel shall have any right to any portion of the Settlement Fund except by Court order or as provided for in the Settlement.

28. **Termination of the Settlement** – In the event that the Settlement fails to become Final in accordance with its terms, or if the Judgment is not entered or is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any Settling Party elects to terminate the Settlement), this Order shall be null and void, the Settlement shall be deemed terminated, and the Settling Parties shall return to their positions as of January 13, 2009, without prejudice in any way, as provided for in the Settlement.

IT IS SO ORDERED.

DATED: April 8, 2009

Marsha J. Pechman
United States District Judge