UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE BP PRUDHOE BAY ROYALTY TRUST SECURITIES LITIGATION | Case No. C06-1505 MJP<br><br>**ORDER GRANTING AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES AND AWARD FOR LEAD PLAINTIFF'S TIME AND EXPENSES** |

This matter came before the Court on June 30, 2009, by motion of Lead Counsel for an award of attorneys' fees and reimbursement of expenses and an award for Lead Plaintiff's time and expenses. The Court, having considered all papers filed and proceedings conducted herein, and having reviewed the entire record in the Litigation, and good cause appearing, hereby enters the following order.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation of Settlement, dated March 13, 2009, attached as Exhibit 1 to the Declaration of Dan Drachler in Support of Lead Plaintiff the Teramura Family Trust Group's Unopposed Motion for Entry of the Order Preliminarily Approving Settlement, Approving Notice, and Scheduling Settlement Hearing.

2. The Court has jurisdiction over the subject matter of Lead Counsel's motion and all matters relating thereto, including all Class Members who have not timely and validly requested exclusion.

3. Lead Counsel is entitled to a fee paid out of the common fund created for the benefit of the Class. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980). The Ninth Circuit recognizes the propriety of the percentage of the fund method when awarding fees. *Vizcaino v. Microsoft Corp.*, 290 F. 3d 1043 (9th Cir. 2002).

4. The Court adopts the percentage of the fund method of awarding fees in this case, and concludes that the percentage of the fund is the proper method for awarding attorneys' fees in this case.

5. The Court hereby awards attorneys' fees of _27_% of the Settlement Fund, to be paid from the Settlement Fund, as set forth in § VI of the Stipulation, and to include any interest on such attorneys' fees at the same rate and for the same period as earned by the Settlement Fund (until paid).

6. The attorneys' fee awarded is fair and reasonable based upon the Court's consideration of the vigorous prosecution of the Litigation by Lead Counsel and certain other factors, including: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the plaintiffs; and (5) awards made in similar cases.

7. The objection to the Fee and Expense Application filed by John J. Auld, Jr. and Nancy S. Auld is hereby overruled.

8. The Court hereby awards Lead Counsel expenses in the aggregate amount of **$280,099.79** to be paid as set forth in § VI of the Stipulation, and to include any interest on such expenses at the same rate and for the same period as earned by the Settlement Fund (until paid).

9. The Court hereby awards to George Allen, the representative of Lead Plaintiff, **$20,037.50** for time and expenses. This award is consistent with the provision in the Private Securities Litigation Reform Act that allows "the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the Class to any representative party serving on behalf of the class," 15 U.S.C. § 78u-4(a)(4), and is further supported by case law.

10. The awarded attorneys' fees and expenses, and interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund subject to the terms, conditions, and obligations

of the Stipulation and in particular § VI thereof, which terms, conditions, and obligations are incorporated herein.

IT IS SO ORDERED.

Dated this 30th day of _June__, 2009

*[signature]*

Marsha J. Pechman
United States District Judge

Presented by: _____s/Dan Drachler_____
Dan Drachler, WSBA #27728

ORDER GRANTING AWARD OF ATTORNEYS' FEES
AND REIMBURSEMENT OF EXPENSES AND AWARD
FOR LEAD PLAINTIFF'S TIME AND EXPENSES

3

No. C06-1505 MJP