THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE BP PRUDHOE BAY ROYALTY TRUST SECURITIES LITIGATION | Case No. C06-1505 MJP <br><br> **JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

No. C06-1505 MJP

Lead Plaintiff and Defendants have determined to settle all claims in the Litigation on the terms set forth in the Stipulation of Settlement dated March 13, 2009 (the "Stipulation"). The Court is familiar with and has reviewed the record in the Litigation, has reviewed the Stipulation, and has considered all submissions to the Court as well as presentations at the Settlement Hearing. The Court has found good cause for entering the following Judgment:

NOW, THEREFORE, THIS 30th DAY OF JUNE, 2009, IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Litigation, Lead Plaintiff, Class Members, and Defendants.

3. The Court finds and concludes that notice was given to Class Members in compliance with the Preliminary Order.

4. The Court finds and concludes, with respect to both the form of the notice given and the procedure used to give notice, that the notice provided to the Class is the best notice reasonably practicable under the circumstances, fully satisfies the requirements of Fed. R. Civ. P. 23, Section 21D(a)(7) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4(a)(7), the Constitution of the United States, and any other applicable law, and constitutes due and sufficient notice to all Persons entitled to receive notice.

JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE - 1 -

No. C06-1505 MJP

5. The Court finds and concludes that the Settlement is fair, reasonable, adequate and in the best interests of the Class, approves the Settlement, adopts the terms of the Stipulation, and directs consummation of the Settlement pursuant to its terms.

6. Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Class, the Litigation and all claims contained therein, as well as the Released Claims, are dismissed with prejudice as against the Released Persons.

7. For purposes of the Settlement (and only for such purposes, and without an adjudication of the merits), the Court finds, with regard to the Class, that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met in that:

(a) The Class Members are so numerous that joinder of all Class Members would be impracticable;

(b) Lead Plaintiff has alleged one or more questions of fact and law common to the Class, including whether Defendants violated federal securities laws by making materially false and misleading statements regarding the maintenance of the oil transit lines at Prudhoe Bay, causing the price of Trust Units to become artificially inflated;

(c) Based on Lead Plaintiff's allegations that Defendants engaged in uniform misconduct affecting Class Members, Lead Plaintiff's claims are typical of the claims of the Class because the interests of Lead Plaintiff and the nature of its alleged claims are consistent with those

of Class Members;

(d) Lead Plaintiff and Lead Counsel will fairly and adequately protect the interests of the Class, because: (i) there appear to be no conflicts between or among Lead Plaintiff and other Class Members; (ii) Lead Plaintiff has been and appears to be capable of continuing to be an active participant in both the vigorous prosecution and the settlement of this Litigation, and in representing the interests of the Class; and (iii) Lead Plaintiff and Class Members are represented by qualified, capable counsel who are experienced in preparing and prosecuting complex class actions, including class actions based upon violations of the federal securities laws; and

(e) Questions of law and fact common to Class Members predominate over questions affecting only individual Class Members, including whether Defendants omitted material information and issued materially misleading statements to the public in violation of the federal securities laws, causing artificial inflation in the price of Trust Units. In addition, the Trust Units traded on an efficient market, entitling Lead Plaintiff to a presumption of reliance on the integrity of the market for purposes of class certification. The Court also finds that class action resolution in the manner proposed in the Stipulation would be superior to other available methods for a fair and efficient adjudication of the Litigation. In making these preliminary findings, the Court has considered, among other factors: (i) the interest of Class Members in individually controlling the prosecution or defense of separate actions; (ii) the impracticability or inefficiency of prosecuting or defending separate actions; (iii) the extent and nature of any litigation concerning these claims

JUDGMENT AND ORDER OF DISMISSAL WITH
PREJUDICE

- 3 -

No. C06-1505 MJP

already commenced; and (iv) the desirability of concentrating the litigation of the claims in a particular forum.

8. Based on the findings set forth in ¶ 7 above, the Court hereby certifies the Class for settlement purposes under Fed. R. Civ. P. 23. The Class consists of: all Persons that purchased Trust Units in the open market during the Class Period. Excluded from the Class are Defendants, Trustee The Bank of New York, Trustee the Bank of New York (Delaware), former Trustee Hutchinson, and Persons in which any Defendant or Trustee has a controlling interest or that are a parent or subsidiary of any Defendant or Trustee, and the officers, directors, employees, affiliates, legal representatives, heirs, predecessors, successors and assigns of any Defendant or Trustee. Persons who timely and validly request exclusion from the Class pursuant to the Preliminary Order also are excluded from the Class.

9. The issue that is subject to class-wide treatment is whether the terms of the Settlement are fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e)(2) and governing law construing that Rule. In making that determination, the Court also has considered whether proper notice of the Settlement has been given under Fed. R. Civ. P. 23(c)(2)(B) and 23(e)(1).

10. The Court finds and concludes that the Plan of Allocation is fair, reasonable, adequate and in the best interests of the Class, approves the Plan of Allocation, adopts the terms of the Plan of Allocation, and directs consummation of the Plan of Allocation pursuant to its terms.

JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

- 4 -

No. C06-1505 MJP

11. The objection to the Plan of Allocation filed by Kenneth S. Templeton, III is hereby overruled.

12. Upon entry of the Judgment, and once the Judgment is Final, the Effective Date shall have occurred.

13. In the event that the Settlement fails to become Final, or if the Judgment is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if any Settling Party elects to terminate the Settlement), the Settlement shall be deemed terminated, and the Settling Parties shall return to their positions as of January 13, 2009, without prejudice in any way, as provided for in the Settlement.

14. Upon the Effective Date, the Released Claims against each and all of the Released Persons are hereby released and dismissed with prejudice and on the merits, without costs to any party, whether or not any such Person submits a Proof of Claim or otherwise shares in the Net Settlement Fund. Also upon the Effective Date, the Released Persons are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Persons.

15. The Court permanently bars any Person from commencing, prosecuting or asserting any claim for contribution, however denominated, arising out of the Litigation against any Defendant.

JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

- 5 -

No. C06-1505 MJP

16. The Court permanently bars any Defendant from commencing, prosecuting or asserting any claim for contribution, however denominated, arising out of the Litigation against any Person other than a Person whose liability has been extinguished by the Settlement of the Defendant.

17. The Court dismisses the Litigation with prejudice and without costs to the Settling Parties except as provided for in the Stipulation.

18. The Court finds and concludes, pursuant to Section 21D(c)(1) of the Exchange Act, as amended by the PSLRA, 15 U.S.C. §78u-4(c)(1), that Lead Plaintiff, Lead Counsel, Defendants and Defendants' counsel have complied with each requirement of Fed. R. Civ. P. 11(b) as to any complaint, responsive pleading or dispositive motion.

19. The facts and terms of this Judgment and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Judgment and the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense in the Litigation.

20. The Court reserves jurisdiction over the Litigation, including all future proceedings concerning the administration, consummation and enforcement of the Stipulation.

21. By reason of the findings herein, there is no just reason for delay and the Clerk is directed to enter this Judgment as a final judgment pursuant to Rule 58 of the Federal Rules of

Civil Procedure on the docket of *In re BP Prudhoe Bay Royalty Trust Sec. Litig.*, No. C06-1505 MJP.

    IT IS SO ORDERED.

DATED: June 30, 2009

                                           Marsha J. Pechman
                                           United States District Judge

# EXHIBIT 1

**Persons Who Have Validly and Timely Requested Exclusion from the Class**

1. Richard J. McKinnon

2. Carlin M. Melna

3. William D. Stockman & Elizabeth Ann Stockman

4. Michael D. Taylor

5. Waldemar Veazie III

JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE

No. C06-1505 MJP