THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE BP PRUDHOE BAY ROYALTY TRUST SECURITIES LITIGATION | ) Case No. C06-1505 MJP <br> ) <br> ) **AMENDED MOTION FOR ORDER** <br> ) **APPROVING DISTRIBUTION FROM** <br> ) **THE NET SETTLEMENT FUND OF: (A)** <br> ) **A FINAL DISTRIBUTION TO** <br> ) **AUTHORIZED CLAIMANTS; (B) A** <br> ) **SUPPLEMENTAL AWARD TO LEAD** <br> ) **PLAINTIFF; (C) THE PAYMENT OF** <br> ) **ADDITIONAL ADMINISTRATIVE FEES** <br> ) **TO A.B. DATA, LTD.; AND (D)** <br> ) **DONATIONS TO NON-PROFIT** <br> ) **ORGANIZATIONS** <br> ) <br> ) Note on Motion Calendar: October 25, 2013 <br> ) |

AMENDED MOTION FOR ORDER APPROVING FINAL
DISTRIBUTION AND DONATION TO NON-PROFIT
ORGANIZATIONS OF THE NET SETTLEMENT FUND

No. C06-1505 MJP

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053
Fax: (206) 343-9636

Lead Plaintiff[1], by and through the undersigned Lead Counsel, hereby moves for entry of the [Proposed] Order (the "Final Distribution Order") submitted with this Motion, approving distribution from the Net Settlement Fund of: (a) a final distribution to Authorized Claimants (the "Final Distribution"); (b) a supplemental award to Lead Plaintiff (the "Supplemental Award"); (c) a payment to the Claims Administrator, AB Data, of its fees and expenses incurred since September 7, 2011 in connection with the administration of the Settlement; and (d) donations to non-profit organizations of the balance of the Net Settlement Fund.

This Motion, made pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, is based on: (1) the Stipulation; (2) the Order Approving Initial Distribution of the Net Settlement Fund, dated October 15, 2010 (Docket No. 134) (the "Initial Distribution Order"); (3) the Order Approving Second Distribution of the Net Settlement Fund, dated September 6, 2011 (Docket No. 138) (the "2011 Order"); (4) the Verkhovskaya Decl.; (5) the Declaration of Dan Drachler (the "Drachler Decl."), dated October 10, 2013; and (6) the Declaration of George B. Allen (the "Allen Decl.."), dated October 10, 2013, the following memorandum, all other pleadings and matters of record, and such additional evidence or argument as may be presented.

## BACKGROUND

On March 13, 2009, Lead Plaintiff and Defendants entered into the Stipulation, which provided for the Settlement. On June 30, 2009, the Court held a hearing to consider the Settlement. On that day, the Court approved the Settlement as fair, reasonable, and adequate, dismissed this action as against Defendants, and directed the parties to consummate the

---

[1] This Motion adopts all defined terms as set forth in Section I of the Stipulation of Settlement, filed on March 16, 2009 (the "Stipulation") (Docket No. 110-2) and the Declaration of Anya Verkhovskaya (the "Verkhovskaya Decl.") of A.B. Data, Ltd. ("AB Data"), dated October 4, 2013.

AMENDED MOTION FOR ORDER APPROVING FINAL
DISTRIBUTION AND DONATION TO NON-PROFIT
ORGANIZATIONS OF THE NET SETTLEMENT FUND
1

No. C06-1505 MJP

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053
Fax: (206) 343-9636

Stipulation in accordance with its terms and provisions. Pursuant to this Court's Judgment and Order of Dismissal with Prejudice (the "Final Order") (Docket No. 128):

> The Court reserves jurisdiction over the Litigation, including all future proceedings concerning the administration, consummation and enforcement of the Stipulation.

(*See* Final Order ¶ 20.)

Under the terms of the Stipulation, Defendants created a $43,250,000 Settlement Fund to settle the Released Claims. AB Data, a firm specializing in the administration of class action settlements, printed and mailed copies of the Notice and Proof of Claim to Class Members, and published the Summary Notice in *Investor's Business Daily*. (Affidavit of Michelle M. La Count, Esq. in Support of Motion for Order Approving Distribution of the Net Settlement Fund, dated September 17, 2010 (Docket No. 133) ("2010 La Count Aff.") ¶¶ 5-6.)

## INITIAL DISTRIBUTION OF THE NET SETTLEMENT FUND

Pursuant to the Stipulation and the Notice, all Class Members wishing to receive a share of the Net Settlement Fund were required to submit Proofs of Claim by mail, postmarked on or before August 20, 2009 (the "Initial Claim Period"). AB Data reviewed, processed and verified the Proofs of Claim submitted by Class Members. (2010 La Count Aff. ¶¶ 11-27.) Lead Plaintiff and Lead Counsel filed a Motion for Order Approving Initial Distribution of Net Settlement Fund on September 20, 2010 (Docket No. 132). The Court entered the Initial Distribution Order on October 15, 2010. The Court approved AB Data's administrative actions to accept or reject claims. (Initial Distribution Order ¶ 1.)

The 4,553 accepted Proofs of Claim represented a total Recognized Claim amount (as defined in the Court-approved Notice) of $12,450,366.60. (2010 La Count Aff. ¶ 32.) Although the amount of the Net Settlement Fund exceeded the total Recognized Claim amount, Authorized

AMENDED MOTION FOR ORDER APPROVING FINAL
DISTRIBUTION AND DONATION TO NON-PROFIT
ORGANIZATIONS OF THE NET SETTLEMENT FUND
2
No. C06-1505 MJP

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053
Fax: (206) 343-9636

Claimants were limited to receiving 100% of their Recognized Claims amount pursuant to the Private Securities Litigation Reform Act. 15 U.S.C. § 78u-4(e). As set forth in the Initial Distribution Order, each Authorized Claimant also received the equivalent of post-judgment interest on their Recognized Claim, calculated pursuant to Washington State's statutory rate of 12% *per annum*, from the date of the Final Order, up to and including the date of the Initial Distribution Order. *See* Wash. Rev. Code § 4.56.110(4) and § 19.52.020. (Initial Distribution Order ¶ 3.)

## **ADDITIONAL DISTRIBUTION OF THE NET SETTLEMENT FUND**

Because the Net Settlement Fund exceeded the Authorized Claimants' Recognized Claim amounts, more than $16 million remained in the Net Settlement Fund after the distribution made pursuant to the Initial Distribution Order. (*See* Declaration of Michelle M. La Count in Support of the Motion for Order Approving Second Distribution of the Net Settlement Fund, dated August 3, 2011 (Docket No. 136) ("2011 La Count Decl.") ¶ 8.)

Pursuant to the Court's 2011 Order (¶ 2), Lead Plaintiff, Lead Counsel and AB Data took the following actions:

- Allowed Curing of Previous Deficient Claims: Any Class Member that submitted a Proof of Claim during the Initial Claim Period but failed to cure a deficiency in the Proof of Claim was contacted in order to provide that Class Member with a final opportunity to correct the deficiency. The deadline for correction of these outstanding deficiencies was 20 days after AB Data mailed the "final" deficiency letter to such Class Members. Upon the deadline and after processing the corrective correspondence provided by Class Members, AB Data distributed payments to those Class Members, representing 100% of the Recognized Claim amount to those that corrected deficiencies, as well as the

AMENDED MOTION FOR ORDER APPROVING FINAL
DISTRIBUTION AND DONATION TO NON-PROFIT
ORGANIZATIONS OF THE NET SETTLEMENT FUND
3

No. C06-1505 MJP

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053
Fax: (206) 343-9636

equivalent of post-judgment interest calculated pursuant to Washington State's statutory rate of 12% per annum from the date of the Final Order through the date of the Initial Distribution Order. (Verkhovskaya Decl. ¶9.a.)

- o The resolution of the outstanding curable deficiencies resulted in 717 additional claims totaling $1,491,532.60 in Recognized Claim amounts including applicable interest.[2] (*Id.*¶ 10.)

- Solicited Supplemental Claims:
    - o For those potential Class Members that did not submit a Proof of Claim, but for whom AB Data had name and address information, AB Data created a mailing list of non-filing potential Class Members to whom postcards (described below) were sent. (*Id.*¶ 9.b.i.)
    - o For those potential Class Members that received the Notice and Proof of Claim from a bank, broker, or other nominee ("BBN"), but did not file a Proof of Claim, AB Data sent postcards (described below) to the BBNs for dissemination to non-filing potential Class Members. (*Id.*¶ 9.b.ii.)

Both forms of postcards indicated that Authorized Claimants had received 100% of their Recognized Claim amounts, and that there would be a supplemental claims period of sixty days. (*Id.*¶ 9.b.iii.) Class Members were able to download a copy of the Proof of Claim through the case website or request a copy of the Proof of Claim through the website or by calling a toll-free helpline. The postcards also indicated that the supplemental claims were to be processed in the same manner as those claims that were received during the Initial Claims Period. The solicitation of supplemental

---

[2] These Proofs of Claim were previously paid in accordance with 2011 Order ¶ 2.

AMENDED MOTION FOR ORDER APPROVING FINAL
DISTRIBUTION AND DONATION TO NON-PROFIT
ORGANIZATIONS OF THE NET SETTLEMENT FUND
4

No. C06-1505 MJP

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053
Fax: (206) 343-9636

claims resulted in 975 additional valid claims with a collective Recognized Claim amount including applicable interest totaling $2,609,451.47. (*Id.* ¶ 9.b.v.(b).)

- Solicited Supplemental Claims Based on DTC Information

  o Trust Units were often traded in "street name" by BBNs through the Depository Trust Company ("DTC").[3] When Trust Units are traded in "street name" through DTC, the names of the individual owners of the Trust Units are not listed on the trading records.

  o DTC records have provided Lead Counsel with information as to which specific BBNs actually held Trust Units on behalf of potential Class Members during the relevant period.[4] DTC provides a Security Position Report ("SPR") web service, whereby an issuer, trustee or authorized third party agent may request a report that lists the BBNs that traded Trust Units on a specific date.[5] Lead Counsel worked with counsel for Trustees The Bank of New York Mellon Trust Company, N.A. and BNY

---

[3] The DTC is the nation's only securities depository. A securities depository is "a large institution that holds only the accounts of 'participant' brokers and banks and serves as a clearinghouse for its participants' securities transactions."… its primary purpose is to improve trading efficiency by "immobilizing" securities, or retaining possession of securities certificates even as they are traded. According to its website, the DTC holds nearly $34 trillion worth of securities in participants' accounts. When a securities transaction occurs, the DTC changes, in its own records, which participant broker or bank "owns" the securities. The company's records, however, reflect that these securities are owned in street name, under the DTC's "nominee name" of Cede & Company…Neither the company nor the DTC records the identity of the beneficial owner of the shares unless that owner is registered as such. *Apache Corp. v. Chevedden*, 696 F. Supp. 2d 723, 726 (S.D. Tex. 2010) (citations and footnote omitted).

[4] AB Data previously contacted over 4,000 BBNs, which may or may not have actually traded Trust Units during the Class Period, in an attempt to identify potential Class Members. (2011 LaCount Aff. ¶ 4(a).)

[5] SPRs during the relevant period were only available for dates that fell on a Friday.

AMENDED MOTION FOR ORDER APPROVING FINAL
DISTRIBUTION AND DONATION TO NON-PROFIT
ORGANIZATIONS OF THE NET SETTLEMENT FUND
5
No. C06-1505 MJP

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053
Fax: (206) 343-9636

Mellon Trust of Delaware to register the Trust with DTC in order to request SPRs from two dates in the Class Period: August 11, 2006 (shortly after the first disclosure regarding the oil spill at Prudhoe Bay) and February 9, 2007 (shortly after the end of the Class Period).

- o AB Data cross-checked the DTC positions report with the list of BBNs that: (a) were notified during the Initial Notice Mailing to BBNs, postcard notice mailings, and Second Notice campaign and solicitation for claims; and (b) responded to the initial notice mailing to BBNs, postcard notice mailings, and Second Notice Campaign and solicitation for claims. AB Data created a list of BBNs that had not previously responded and contacted them by telephone and email on a weekly basis, and followed up by mailing claim materials either to the BBNs or directly to claimants. (*See* Verkhovskaya Decl. ¶ 9.c.ii.)
- o As of June 30, 2013, as a direct result of the DTC supplemental notice mailing and solicitation of additional Claims, AB Data received 481 additional valid Claims with a total Recognized Claim amount of $1,879,941.36. (*See Id*. ¶¶ 9.b.v.(b) and 9.c.iii.)

Lead Plaintiff and Lead Counsel have reviewed the procedures used by AB Data in the administration process for the Final Distribution and concur with AB Data's recommendations. It is respectfully requested that the Court approve AB Data's administrative actions to accept or reject claims as set forth in the Verkhovskaya Decl. (*See* Drachler Decl. ¶ 7.)

### **SUPPLEMENTAL AWARD TO LEAD PLAINTIFF**

Lead Plaintiff and Lead Counsel also request that the Court award $10,825.00 to George B. Allen, trustee of each member of the Teramura Family Trust Group ("Trustee Allen"), for serving as the representative of Lead Plaintiff (the "Supplemental Award"). This amount

AMENDED MOTION FOR ORDER APPROVING FINAL
DISTRIBUTION AND DONATION TO NON-PROFIT
ORGANIZATIONS OF THE NET SETTLEMENT FUND
6

No. C06-1505 MJP

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053
Fax: (206) 343-9636

represents over 43 hours expended by Trustee Allen, all of which accrued since the entry of the Final Order and in connection with the distributions contemplated by this Motion (the "Additional Time"). (*See* Allen Decl. ¶¶ 10-15.)

The PSLRA allows "the award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of the class." 15 U.S.C. § 78u-4(a)(4).

As set forth in the accompanying Allen Decl., Trustee Allen has been actively involved in this action from inception through the Settlement until the present. He has been in regular contact with Lead Counsel and AB Data to discuss the issues that arose in connection with the Settlement distribution, including the process for seeking additional Class Members to file Proofs of Claim in order to participate in the Second Distribution and Final Distribution. In addition, Trustee Allen has researched and reviewed various non-profit organizations and worked with Lead Counsel to determine the most appropriate recipients of charitable donations from any remaining balance of the Net Settlement Fund. Trustee Allen's Additional Time, consisting of 43.3 hours at a rate of $250 per hour, is reasonable and merits reimbursement. *See* Order Granting Award of Attorneys' Fees and Reimbursement of Expenses and Award for Lead Plaintiff's Time and Expenses (Docket No. 127) ¶ 9. *See In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1049 (N.D. Cal. 2008) (awarding $29,913.80 for reimbursement of time and expenses to lead plaintiffs); *In re: Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1173 (S.D. Cal. 2007) (awarding $40,000 for reimbursement of time and expenses to lead plaintiff). *See also In re LDK Solar Sec. Litig.*, No. C 07-5182, 2010 WL 3001384, at *3 (N.D. Cal. July 29, 2010) (awarding incentive payment where lead plaintiff "worked hard in his role as a fiduciary for the investor class to obtain the maximum recovery for the class members"); *In re*

AMENDED MOTION FOR ORDER APPROVING FINAL
DISTRIBUTION AND DONATION TO NON-PROFIT
ORGANIZATIONS OF THE NET SETTLEMENT FUND
7

No. C06-1505 MJP

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053
Fax: (206) 343-9636

*Heritage Bond Litig.*, No. 02-ML-1475 DT, 2005 WL 1594403, at *18 (C.D. Cal. June 10, 2005) (awarding incentive payment where Lead Plaintiffs were actively involved in lengthy litigation and substantially assisted Class Counsel).

## AB DATA'S FEES AND EXPENSES

To date, AB Data received payments totaling $368,656.51 for fees and expenses incurred pursuant to prior orders of the Court. (Docket No. 134 ¶ 9, authorizing payment of $168,656.51; Docket No. 138 ¶ 5, authorizing payment up to $250,000.00). Lead Plaintiff and Lead Counsel request that the Court authorize payment of an additional $228,564.28 to AB which includes AB's future anticipated fees and expenses through final distribution of the Net Settlement Fund. Lead Plaintiff and Lead Counsel have reviewed AB Data's invoices (Verkhovskaya Decl. Exhibit I) and believe that its fees and expenses are reasonable.

## DONATION TO NON-PROFIT ORGANIZATIONS

After the additional distributions to Class Members, supplemental award to Lead Plaintiff, and payment of AB's Data's fees and expenses are made, Lead Plaintiff expects that there will be a remaining balance of approximately $10,646,707.22 in the Net Settlement Fund.

Pursuant to the Stipulation, any unclaimed portion of the Net Settlement Fund "shall be donated to an appropriate non-profit organization, to be determined by Lead Counsel and subject to the approval of the Court." (Stipulation § V.F.4; *see also* 2011 Distribution Order ¶ 6.) Once all identifiable Class Members have been made whole, the Stipulation's clause allowing Lead Counsel to direct a charitable donation, subject to the Court's approval, becomes applicable to the reminder of the Net Settlement Fund. Accordingly, Lead Counsel, in consultation with the

AMENDED MOTION FOR ORDER APPROVING FINAL
DISTRIBUTION AND DONATION TO NON-PROFIT
ORGANIZATIONS OF THE NET SETTLEMENT FUND

No. C06-1505 MJP

8

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053
Fax: (206) 343-9636

Lead Plaintiff, requests that, following the Court order, after the Final Distribution[6], payment of the requested Supplemental Award, and payment of AB Data's administrative fees, the remainder of the Net Settlement Fund (the "Donation Funds") be distributed to six organizations: The Conservation Fund; The Nature Conservancy; The Alaska Conservation Foundation; The Humane Society; The Wilderness Society; and the Endowment for Equal Justice.

This is not a typical *cy pres* case, where the primary component of a proposed settlement is a charitable donation because there is so little cash in the settlement fund that any meaningful distribution to class members is impossible, or because of difficulty identifying class members. *See, e.g. Nachshin v. AOL, LLC*, 663 F.3d 1034, 1037 (9th Cir. 2011) (proposing *cy pres* recipients because a distribution to class members would be "cost-prohibitive"). Instead, in this case, Class Members received the entire amount of their Recognized Claim, plus interest – a remarkable result.

Even if the *cy pres* doctrine applies, the proposed recipients of the Donation Funds are appropriate recipients and should be approved by the Court. *Cy pres* may be "used to distribute unclaimed portions of a class action judgment or settlement funds to a charity that will advance the interests of the class." *Black's Law Dictionary* (9th ed. 2009). *See Dennis v. Kellogg Co.*, No. 11-55674, 2012 WL 2870128, at *4 (9th Cir. July 13, 2012) ("To ensure that the settlement retains some connection to the plaintiff class and the underlying claims…a cy pres award must qualify as 'the next best distribution' to giving the funds directly to class members" (citation omitted)); *Nachshin v. AOL, LLC*, 663 F.3d 1034, 1038 (9th Cir. 2011) ("In the context of class

---

[6] This amount will also include any cash ultimately left in the Net Settlement Fund, after the Final Distribution and payment of any additional Class Member claims, due to Class Members' failure to timely cash distribution checks or due to undeliverable/returned checks, in cases where AB Data could not locate Class Members.

AMENDED MOTION FOR ORDER APPROVING FINAL
DISTRIBUTION AND DONATION TO NON-PROFIT
ORGANIZATIONS OF THE NET SETTLEMENT FUND
9
No. C06-1505 MJP

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053
Fax: (206) 343-9636

action settlement, a court may employ the cy pres doctrine to 'put the unclaimed fund to its next best compensation use, e.g., for the aggregate, indirect, prospective benefit of the class.'" (citation omitted)); *see also Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1307 (9th Cir. 1990) ("Federal courts have broad discretionary powers in shaping equitable decrees for distributing unclaimed class action funds.").

Lead Plaintiff and Lead Counsel propose that 30 percent of the Donation Funds be awarded to The Conservation Fund; and 30 percent of the Donation Funds be awarded to The Nature Conservancy. Lead Plaintiff and Lead Counsel also propose that the 10 percent of the Donation Funds be awarded in the following manner: 3⅓ % to the Alaska Conservation Foundation; 3⅓ % to The Humane Society; and 3⅓ % to the Wilderness Society. These organizations participate in a variety of projects aimed at protecting and preserving the environment and wildlife in Alaska. (Allen Decl. ¶¶ 16-20 and Exhibits A-E.) It was an environmental event in Alaska that triggered the events leading to the filing of the Action. *See In re U.S. Liquids Sec. Litig.*, No. 4:99-cv-02785 (S.D. Tex. Sept. 22, 2006) (Docket No. 225) (approving charitable award to the Sierra Club in securities litigation alleging fraud based on failure to disclose non-compliance with environmental regulations).

Lead Plaintiff and Lead Counsel also propose that the final 30 percent of the Donation Funds be awarded to The Endowment for Equal Justice. This organization seeks to create a permanent source of funding to ensure the long term viability of Washington's legal aid programs. (Allen Decl. ¶ 21 and Exhibit F.) *See In re UCAR Int'l, Inc. Sec. Litig.*, No. 3:98-cv-600 (D. Conn. Dec. 7, 2009) (Docket No. 103) (approving charitable award to Connecticut Bar Foundation and New Haven Legal Assistance Association, Inc.).

AMENDED MOTION FOR ORDER APPROVING FINAL
DISTRIBUTION AND DONATION TO NON-PROFIT
ORGANIZATIONS OF THE NET SETTLEMENT FUND
10

No. C06-1505 MJP

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053
Fax: (206) 343-9636

## CONCLUSION

Lead Plaintiff and Lead Counsel submit that any additional Class Members to whom the remaining Net Settlement Fund may be distributed have been identified through the most recent AB Data correspondence to BBNs. After the Final Distribution from the Net Settlement Fund is made to additional Class Members, payment is made to AB Data for fees and expenses, and the Supplemental Award is made to Lead Plaintiff, a donation to non-profit organizations of the remainder of the Net Settlement Fund is appropriate, because any further distribution would be impracticable to known Class Members. Accordingly, Lead Plaintiff and Lead Counsel move for the entry of the Final Distribution Order.

Dated: October 10, 2013

ZWERLING, SCHACHTER
 & ZWERLING, LLP

By: s/Dan Drachler
Dan Drachler, WSBA #27728
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053
Fax: (206) 343-9636
E-mail: ddrachler@zsz.com

Susan Salvetti
Sona R. Shah
ZWERLING, SCHACHTER
& ZWERLING, LLP
41 Madison Avenue, 32nd Floor
New York, NY 10010
Tel: (212) 223-3900
Fax: (212) 371-5969
E-mail:   ssalvetti@zsz.com
          sshah@zsz.com

*Lead Counsel for Lead Plaintiff*
*the Teramura Family Trust Group*

AMENDED MOTION FOR ORDER APPROVING FINAL
DISTRIBUTION AND DONATION TO NON-PROFIT
ORGANIZATIONS OF THE NET SETTLEMENT FUND
11
No. C06-1505 MJP

Zwerling, Schachter, & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Tel: (206) 223-2053
Fax: (206) 343-9636